IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIE C. SEOANE,

    Plaintiff,

v.                                                                  CV 14-424 MV/WPL

DICK'S SPORTING GOODS, INC.,

    Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

    This matter is before the Court on Marie Seoane's Motion to Remand. (Doc. 10.) Seoane requests that this Court remand the suit to state court, where it was originally filed. Seoane argues that the Court should remand the case based on lack of subject matter jurisdiction because complete diversity of citizenship did not exist when the suit was filed. Dick's Sporting Goods, Inc. ("Dick's") filed a response to the motion (Doc. 12), and Plaintiff did not file a reply. Having considered the parties' filings and the relevant law, I conclude that remand is required, and I recommend that Seoane's motion be granted.

**BACKGROUND**

    Seoane filed her Charge of Discrimination, the administrative filing, with the New Mexico Department of Workforce Solutions ("the Department") on August 6, 2013. (Doc. 7 Ex. A.) The Charge of Discrimination form instructs the filer to "Name the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency" that she believes discriminated against her or others. (*Id.* at 27.) If there are more than two such entities, the filer is instructed to "list [the additional parties] under PARTICULARS

below."[1] (*Id.*) Seoane listed the name and address of Dick's Sporting Goods in Las Cruces under the "Name" block and discussed Petty and Grassel as part of the factual basis under "PARTICULARS." (*Id.*) She did not provide the last name for Grassel or the address for either Petty or Grassel in that section. Seoane did, however, list Petty and Grassel, by name, in the PARTICULARS and lay out specific acts of perceived discrimination. (*Id.*) The Department issued an Order of Nondetermination for Seoane's complaint on September 9, 2013. (*Id.* at 29.)

Seoane filed her complaint in the Third Judicial District Court of the State of New Mexico on November 25, 2013, bringing claims against all defendants for retaliation and age, sex, and national origin discrimination under the New Mexico Human Rights Act ("NMHRA").[2] (Doc. 1 Ex. C.) The state district court judge dismissed the complaint as to Petty and Grassel on April 8, 2014. (Doc. 1 Ex. A.) This dismissal rendered Dick's the sole defendant. Dick's removed the case to this Court thirty days later pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.[3] (Doc. 1.)

In her motion to remand, Seoane argues that the dismissal of Petty and Grassel was not a voluntary act of the plaintiff and therefore did not create complete diversity of citizenship between the parties. (Doc. 10.) As such, the case is not removable and should be properly remanded to state court. (*Id.*) In response, Dick's notes that Seoane failed to name Petty or Grassel as respondents in her Charge of Discrimination, as required under the NMHRA. (Doc. 12.) Therefore, Dick's argues, Seoane was legally barred from suing Petty or Grassel in state

---

[1] "PARTICULARS" is the filer's opportunity to explain the factual basis for the complaint. The form does not include a space or directions to name individuals or provide their addresses when naming respondents to the complaint.

[2] The period for timely filing an appeal from an Order of Nondetermination is ninety days. N.M. STAT. ANN. § 28-1-13(A) (2014). Seoane's complaint was timely filed.

[3] Dick's argues, and Seoane does not dispute, that the thirty-day limitation commenced upon the state district court judge's order dismissing Petty and Grassel, as this was the first document providing notice of potential diversity jurisdiction giving rise to removability.

court because she failed to exhaust administrative remedies. (*Id.*) As such, Petty and Grassel were fraudulently joined, which requires the Court to disregard the complete diversity requirement as to those defendants. (*Id.*) Dick's goes on to argue that the voluntary/involuntary test cited by Seoane is inapplicable only because of the fraudulent joinder of Petty and Grassel. (*Id.*)

## ANALYSIS

Removal of civil actions based on diversity jurisdiction is governed by 28 U.S.C. §§ 1332, 1441, and 1446. Section 1441(a) provides that any civil action brought in state court, over which a federal district court has original jurisdiction, may be removed by the defendant or defendants to the relevant district court. Diversity jurisdiction under § 1332(a)(1) requires an amount in controversy in excess of $75,000 and complete diversity of citizenship between plaintiffs and defendants.

"Federal jurisdiction is determined based on the facts as they existed at the time the complaint was filed." *Ravenswood Inv. Co., L.P. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1223 (10th Cir. 2011) (citing *Smith v. Sperling*, 354 U.S. 91, 93 n.1 (1957)). "[B]oth the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." *Dietzel v. Enders*, No. 14-CV-393-JED-FHM, 2014 WL 3529310, at *2 (N.D. Okla. July 15, 2014) (quoting *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)).

The requirement that diversity of citizenship be established on the face of the complaint can be overcome when there has been fraudulent joinder of a nondiverse party, *Updike v. West*, 172 F.2d 663, 665-66 (10th Cir. 1949), or by a voluntary action of the plaintiff, *DeBry v. Transamerica Corp.*, 601 F.2d 480, 486-88 (10th Cir. 1979).

### A. Fraudulent Joinder

In response to Seoane's motion to remand, Dick's relies on *Luboyeski v. Hill*, 872 P.2d 353, 355 (N.M. 1994), for the proposition that Seoane's failure to name Petty or Grassel in her employment complaint rendered her legally barred from suing the two men, and therefore she could never have had a viable claim against either of them in state court. Therefore, Dick's argues, because Seoane could never have made a viable claim against Petty or Grassel, the two non-diverse defendants, they were fraudulently joined, and the case is removable.

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Kansas State Univ. v. Prince*, 673 F. Supp. 2d 1287, 1294 (D. Kan. 2009) (quoting *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)). Fraudulent joinder exists when, under the circumstances, there is no justifiable reason to join the defendant other than the destruction of diversity. *Prince*, 673 F. Supp. 2d at 1287. The burden is on the removing defendants—the parties claiming fraudulent joinder—to prove the allegation. *Montano v. Allstate Indem.*, 211 F.3d 1278, 2000 WL 525592, at * 1 (10th Cir.) (unpublished table decision).

> To prove their allegation of fraudulent joinder [the removing parties] must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court. In evaluating fraudulent joinder claims, [the Court] must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party. [The Court is] then to determine whether that party has any possibility of recovery against the party whose joinder is questioned.

*Id.* (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000); *see also Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967) (finding fraudulent joinder

established where the non-liability of the challenged party was "established with complete certainty upon undisputed evidence").

The NMHRA requires administrative exhaustion before a plaintiff can sue in state court. *See* N.M. STAT. ANN. § 28-1-13; *Sonntag v. Shaw*, 22 P.3d 1188, 1193 (N.M. 2001) (failing to name a defendant in his personal capacity in the administrative proceedings barred suit against defendant in state court); *Sabella v. Manor Care, Inc.*, 915 P.2d 901, 903 (N.M. 1996) (requiring administrative exhaustion as a prerequisite to suing in state court). However, the New Mexico Supreme Court had occasion, in *Lobato v. State Env't Dep't*, 267 P.3d 65 (N.M. 2011), to consider whether the Charge of Discrimination form provides a fair and adequate opportunity to pursue individual liability claims under the NMHRA.

In *Lobato*, as in the instant case, the form instructed filers to "report only the employer or agency involved but does not instruct filers to report the 'person' involved." 267 P.3d at 68. The New Mexico Supreme Court found that "[f]or the . . . official Charge of Discrimination form to ask for the name and address of the discriminating entity but not for the names and addresses of the individuals not only makes the complaint form inadequate to serve its statutory purpose but makes it affirmatively misleading." *Id.* The court went on to hold that Lobato did not have a "fair and adequate opportunity to exhaust administrative remedies against individual defendants" and that, in these limited circumstances, the NMHRA requirement of administrative exhaustion should not be applied to bar a plaintiff from seeking redress in state court. *Id.* at 68-69.

The court suggested that the agency amend their form to comply with the NMHRA requirements, but the form does not appear to have been clarified. Seoane filled out a similar form, which instructed her to "[name] . . . the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency" that she believed

discriminated against her or others. (Doc. 7 Ex. A at 27.) The form, like the form in *Lobato*, did not direct Seoane to name individuals. However, Seoane did name both men under the "PARTICULARS" section in her administrative complaint, though she did not provide their addresses. As in *Lobato*, the form was misleading and did not give Seoane a fair and adequate opportunity to exhaust administrative remedies.

Under the reasoning in *Lobato*, Seoane's failure to name Petty and Grassel in the administrative complaint did not bar her from bringing suit against them in state court. Therefore, Seoane could bring a viable claim against either man, and they were not fraudulently joined in the state suit.

### B. Voluntary Action by Plaintiff

The other mechanism for a facially non-removable case to fall within the federal purview is through a voluntary action by the plaintiff. The voluntary-involuntary test, espoused in *DeBry*, provides that a case that was not removable at its filing can become removable when the plaintiff "by *voluntary* action, changes the situation . . . to bring about a diversity situation." 601 F.2d at 487 (citing CHARLES ALAN WRIGHT, LAW OF FEDERAL COURTS 151-53 (3d ed. 1976)).

In *Powers v. Chesapeake & Ohio Ry.*, 169 U.S. 92 (1898), the voluntary act bringing about removability was the termination of state court proceedings, as to the non-diverse defendants, by the plaintiff. 169 U.S. at 94. In *DeBry*, the plaintiff changed his residence from Utah to California and back again during the pendency of the litigation. 601 F.2d at 485-86. The court found that the plaintiff voluntarily changed his domicile to manipulate the litigation and prevent removal, and then voluntarily returned to Utah and created complete diversity. *Id.* at 486-87.

Dick's argues that the voluntary-involuntary test does not apply to this case because of fraudulent joinder. As discussed above, Petty and Grassel were not fraudulently joined in the action, and Dick's argument on this point fails. Seoane argues that the dismissal of Petty and Grassel was not voluntary and therefore does not destroy diversity. Here, Seoane did not drop the suit against Petty and Grassel on her own motion. This does not rise to the level of voluntariness required by *Powers* and *DeBry*, and therefore Seoane did not engage in a voluntary act creating removability.

## CONCLUSION

Even if Seoane failed to exhaust administrative remedies against Petty and Grassel, the administrative form was sufficiently confusing and prejudicial to fall under *Lobato* and excuse the exhaustion requirement. Therefore, Seoane could have brought a claim against Petty and Grassel at the time the state court complaint was filed. There was no fraudulent joinder and no voluntary act by Seoane giving rise to federal jurisdiction. This Court lacks jurisdiction because there was neither a federal question presented nor diversity of citizenship at the time of filing the complaint. Therefore, I recommend that the Court grant Seoane's motion and remand this action to the Third Judicial District Court of the State of New Mexico.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
William P. Lynch
United States Magistrate Judge